# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ACTION NISSAN, INC., d/b/a Universal Hyundai,**

        **Plaintiff,**

**-vs-**                            **Case No.  6:06-cv-1747-Orl-19KRS**

**HYUNDAI MOTOR AMERICA,**

        **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANT'S MOTION FOR ORDER TO COMPEL PRODUCTION OF DOCUMENTS AND ANSWER TO INTERROGATORY (Doc. No. 30)**
>
> **FILED:** **December 19, 2007**
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

Plaintiff Action Nissan, Inc. d/b/a Universal Hyundai (Universal) alleges that Defendant Hyundai Motor America (HMA) failed to pay cooperative advertising association fees collected from two HMA dealers in Brevard County (the Brevard dealers) in the manner required by the dealership agreement because it returned the advertising fees collected from the Brevard dealers to these dealerships. Universal brings causes of action for breach of contract, breach of the implied duty of

good faith and fair dealing, breach of Florida Statute § 320.64, and breach of fiduciary duty. Doc. No. 2.

HMA now seeks an order compelling Universal to provide supplemental responses to interrogatories and produce documents in response to its discovery requests. Doc. No. 30. Universal has responded to the motion. Doc. No. 33.

In the response to the motion, Universal states that it will respond to interrogatory number 4. Therefore, a motion to compel a further response to this interrogatory is **DENIED** without prejudice.

With respect to request for production number 11, Universal states that it "has no documents in its possession or control regarding or respecting any advertisement in Orange County or Brevard County, Florida, approved by, or paid for by HDAA . . . ." Doc. No. 33 at 5. To the extent that Universal has any such documents "by . . . . HDAA," the motion to compel is **GRANTED**. In all other respects, the motion to compel a further response to this request for production is **DENIED** because HMA has not established any basis to believe that Universal's representation that it does not have responsive documents approved by or paid for by HDAA is not correct.

In request for production number 12, HMA seeks production of documents about advertising done by Universal separate from the cooperative advertising association. HMA's argument that these documents would be relevant because they might show that Universal's ads benefitted the Brevard dealers is unavailing because there is no basis to believe that ads run by Universal were generic rather than dealer-specific advertisements. HMA also asserts that these documents might lead to the discovery of admissible evidence regarding alternative reasons for the alleged disparity in sales between Universal and the Brevard dealers, as alleged in paragraph 17 of the complaint. This

argument is tenable. Universal has offered no evidence to support its assertion that requiring it to produce responsive documents would be unduly burdensome. *See Coker v. Duke & Co.*, 177 F.R.D. 682, 686 (M.D. Ala. 1998). Therefore, the motion to compel Universal to produce documents responsive to request for production number 12 is **GRANTED.**

Request for production number 13 seeks documents showing the advertising expenses paid by Universal. While the number and types of advertisements run by Universal separate from the cooperative advertising agency may lead to discovery of admissible evidence, HMA has not established how the amount Universal spent on such advertisements could be relevant or lead to the discovery of admissible evidence. Therefore, the motion to compel production of documents responsive to request for production number 13 is **DENIED**.

Universal states in its response that the parties have resolved the dispute with respect to request for production number 28. Therefore, the motion to compel production of documents responsive to this request for production is **DENIED**.

Request for production number 1 within HMA's second set of requests seeks all of Universal's monthly dealer financial statements. HMA concedes that it has some of the statements, yet it did not limit its discovery request to the missing statements. Its stated need to "insure that both parties are in agreement on the same set of financial statements" can be accomplished more efficiently and effectively by a good faith conference between counsel. Accordingly, the motion to compel production of documents responsive to this request for production is **DENIED.**

Request for production number 3 within HMA's second set of requests seeks year-end accounting entries, called 13th period adjustments. Universal responds that it did not prepare such

adjustments. Doc. No. 33 at 10. Therefore, the motion to compel production of documents responsive to this request for production is **DENIED**.

Requests for production numbers 5, 7, 8, 11,12,13, 14 and 15 within HMA's second set of requests seek Universal's cash flow statements, estimates, projections, market studies and Universal's tax returns. Not every financial document of a business is necessarily relevant to the damages at issue in this case. As such, these requests for production of documents are overbroad. Accordingly, the motion to compel production of documents responsive to these requests is **DENIED**.

In request for production number 9 within HMA's second set of requests, HMA seeks information within its possession, custody or control. Therefore, the motion to compel production of documents responsive to this request is **DENIED.**

In request for production number 10 within HMA's second set of requests, HMA seeks documents in Universal's possession describing or explaining HMA's vehicle allocation system. HMA contends that these documents are directly relevant to Universal's allegation that HMA failed to comply with the provision of the franchise agreement that required HMA to provide Universal "with an explanation of the method used to distribute such products . . . ." Doc. No. 2 ¶ 23. The documents sought in this request are directly relevant to the allegation in paragraph 23 of the complaint. Accordingly, the motion to compel production of documents responsive to this request is **GRANTED.**

To the extent that the motion to compel has been granted, it is **ORDERED** that Universal shall produce responsive documents for production and copying on or before January 25, 2008. To the extent that Universal withholds responsive documents pursuant to a legal privilege or protection asserted in its responses to the discovery requests, it is further **ORDERED** that, on or before January

25, 2008, Universal shall serve a privilege log in the form required by my Standing Order Regarding Privilege Logs, available at http://www.flmd.uscourts.gov/Judicial Info/Judge Spaulding/Standing Orders.

**DONE** and **ORDERED** in Orlando, Florida on January 8, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties