UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ACTION NISSAN, INC., d/b/a Universal Hyundai,**

        **Plaintiff,**

-vs-                                          Case No.  6:06-cv-1747-Orl-19KRS

**HYUNDAI MOTOR AMERICA,**

        **Defendant.**

_____

## ORDER

This case comes before the Court on the following:

1. Motion To Strike Plaintiff's Expert Report Or Amend The Case Management And Scheduling Order In The Alternative By Defendant Hyundai Motor America (Doc. No. 38, filed Feb. 22, 2008);

2. Supplement To Motion To Strike Plaintiff's Expert Report Or Amend The Case Management And Scheduling Order In The Alternative By Defendant (Doc. No. 41, filed Feb. 29, 2008); and

3. Response And Legal Memorandum In Opposition To Defendant's Motion To Strike Plaintiff's Expert Report Or Amend the Case Management And Scheduling Order In the Alternative By Plaintiff Action Nissan, Inc. (Doc. No. 45, filed Mar. 7, 2008).

Plaintiff Action Nissan, Inc., doing business as Universal Hyundai, brought this action against Defendant Hyundai Motor America alleging breach of contract, breach of the implied covenants of good faith and fair dealing, violation of § 320.64(18), Florida Statutes (2007), and breach of fiduciary duty. (Doc. No. 2 at pp. 1-11, filed Nov. 13, 2006.) During pre-trial discovery,

Defendant filed a Motion to Strike Plaintiff's expert report, alleging that the report did not comply with Federal Rule of Procedure 26(a)(2)(B). (Doc. No. 38, filed Feb. 22, 2008.) In a Supplement to its Motion to Strike, Defendant argued that Plaintiff's delay in providing a compliant expert report was in turn prejudicing Defendant's ability to produce a timely expert report. (Doc. No. 41, filed Feb. 29, 2008.) Accordingly, Defendant filed an Emergency Motion to Amend the Case Management and Scheduling Order. (Doc. No. 43, filed Mar. 6, 2008.) In this Emergency Motion, Defendant sought "vacation of the March 14, 2008 deadline for [Defendant] to file its expert report, with the deadline to be reset upon resolution of the pending Motion to Strike Expert Report and Motion to Amend the Complaint." (*Id.* at pp. 6-7.) The Court granted this Motion and stayed the deadline for filing the expert report(s) until the Court ruled on Defendant's Motion to Strike at Docket Number 38 and Plaintiff's Motion to Amend its Complaint at Docket Number 42. (Doc. No. 44, filed Mar. 6, 2008.)

At the conclusion of an evidentiary hearing held on March 31, 2008, United States Magistrate Judge Spaulding denied Plaintiff's Motion to Amend its Complaint. (*See* Doc. No. 55, filed Mar. 31, 2008.) Also during the hearing, Counsel for Defendant advised Judge Spaulding that Defendant had received the necessary information in the deposition of Plaintiff's expert; therefore, Defendant was withdrawing its Motion to Strike. Defense Counsel further indicated that Defendant could serve its expert report(s) by Monday, April 7, 2008.

Based on the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion To Strike Plaintiff's Expert Report Or Amend The Case Management And Scheduling Order In The Alternative (Doc. No. 38) and Defendant's Supplement To Motion To Strike Plaintiff's Expert Report Or Amend The Case Management And Scheduling Order In The

Alternative (Doc. No. 41). The Court **AMENDS** the Case Management and Scheduling Order at Docket Number 28 as follows: the disclosure of expert witness reports by Defendant is due **April 7, 2008**. Simultaneously with the disclosure of each expert witness report, Defendant shall provide at least two (2) dates before the close of discovery on which the expert and counsel for Defendant will be available for each expert witness to be deposed. Defendant's Motion to Strike is **DENIED AS MOOT**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on April 2, 2008.

*[Signature]*
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party